**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT D. KLINE,** : | |
| : | |
| **PLAINTIFF,** : | |
| : | **CASE NO.: 1:20-CV-00389-JEJ** |
| **V.** : | |
| : | **ELECTRONICALLY FILED** |
| **BANKERS HEALTHCARE GROUP,** : | |
| **LLC & ALBERT CRAWFORD** : | |
| : | |
| **DEFENDANTS.** : | |

## DEFENDANTS BANKERS HEALTHCARE GROUP, LLC AND ALBERT CRAWFORD'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM

For its Answer to the Plaintiff's Complaint, together with its Affirmative Defenses and Counterclaim against the Plaintiff, Defendants, Bankers Healthcare Group, LLC ("BHG") and Albert Crawford ("AC"), states as follows:

1.     Denied.  Defendants BHG and AC lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

2.     Admitted in part, denied in part.  It is admitted only that BHG is a limited liability company in the business of among things providing loans to healthcare professionals.  By way of further answer, BHG specifically denies that it was properly served with a writ of summons from the Mifflin County Court of Common Pleas by U.S. Mail, certified, restricted delivery.

3.     Denied.   Defendant AC denies that he was properly served with a writ of summons from the Mifflin County Court of Common Pleas by U.S. Mail, certified, restricted delivery, and denies that he is "a manager" of BHC as that terms is vague and ambiguous.  By way of further answer, Mr. Crawford is the Chairman, CEO and an original founder of BHC, and specifically denies that the Plaintiff has pleaded or can plead any viable cause of action against him individually.

4.     Denied.  The averments of this paragraph constitute conclusions of law to which no responsive pleading is required.

5.     Denied.  The averments of this paragraph constitute conclusions of law to which no responsive pleading is required.

6.     Denied.  The averments of this paragraph constitute conclusions of law to which no responsive pleading is required.

7.     Denied.  The averments of this paragraph constitute conclusions of law to which no responsive pleading is required.

8.     Denied.  The averments of this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further answer, Mr. Crawford specifically denies that the Plaintiff has pleaded or can plead any viable cause of action against him individually.

9.     Denied.  The averment of this paragraph constitutes a conclusion of law to which no responsive pleading is required.

10.     Defendants BHG and AC specifically deny that they utilized ATDS "type" equipment in connection with any communication directed to the Plaintiff, which is a legal conclusion to which no response is required in any event.  The averments of this paragraph are also unduly vague and ambiguous, and denied on that basis, as well.

11.     Denied.   Defendants BHG and AC lack knowledge or information sufficient to form a belief as to the truth of the averments of what any other Defendant or person may or may not have done, and specifically deny that any ATDS "type" equipment was utilized in connection with any communication directed to the Plaintiff, which is a legal conclusion to which no response is required in any event.  The averments of this paragraph are also unduly vague and ambiguous, and denied on that basis, as well.

12.     Denied.  The averments of this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further answer, Mr. Crawford specifically denies that the Plaintiff has pleaded or can plead any viable cause of action against him individually.

13.     Denied.  The averments of this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further answer, Mr. Crawford specifically denies that the Plaintiff has pleaded or can plead any viable cause of action against him individually.

14.     Denied.  Defendants BHG and AC lack knowledge or information at this time sufficient to form a belief as to the truth of the averments of whether Plaintiff was or was not a "customer" of BHG.  With respect to the averment that the Plaintiff never gave his permission for contact, that averment is specifically denied as, as set forth more fully in the Counterclaim set forth below, Plaintiff orchestrated the very "contact" of which he now complains by feigning an interest in a consumer loan.

15.     Denied.  The averments of the paragraph reference a federal statute, the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.), which speaks for itself, and such averments are specifically denied as conclusions of law to which no responsive pleading is required.

16.     Denied.  The averments of the paragraph reference a federal statute, the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.), which speaks for itself, and such averments are specifically denied as conclusions of law to which no responsive pleading is required.

17.     Denied.  The averments of the paragraph reference a federal statute, the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.), which speaks for itself, and such averments are specifically denied as conclusions of law to which no responsive pleading is required.

18.     Denied.  The averments of the paragraph reference a federal statute, the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.), which speaks for itself,

and such averments are specifically denied as conclusions of law to which no responsive pleading is required.

19.     Denied.  The averments of the paragraph reference a federal statute, the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.), which speaks for itself, and such averments are specifically denied as conclusions of law to which no responsive pleading is required.

20.     Denied.  The averments of the paragraph reference a federal statute, the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.) and unidentified rulings of the FCC, which speaks for themselves, and such averments are specifically denied as conclusions of law to which no responsive pleading is required.

21.     Denied.  The averments of the paragraph reference a federal statute, the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.), which speaks for itself, and such averments are specifically denied as conclusions of law to which no responsive pleading is required.

22.     Denied.  The averments of the paragraph reference a federal statute, the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.), which speaks for itself, and such averments are specifically denied as conclusions of law to which no responsive pleading is required.

23.     Admitted in part, denied in part.  Defendants BHG and AC admit that they are not "registered" under 73 P.S. §§ 2241-2249.  By way of further response, BHG

and AC deny that they are or were required to "register" under 73 P.S. §§ 2241-2249 as a conclusion of law to which no response is required.

24.     Denied.  The averments of the paragraph reference a Pennsylvania statute, 73 P.S. §§ 2243(c), which speaks for itself, and such averments are specifically denied as conclusions of law to which no responsive pleading is required.

## COUNT I – VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

25.     The responses to paragraphs 1 through 24 above are fully incorporated herein by reference as if set forth fully at length.

26.     Admitted in part, denied in part.  Defendants BHG and AC admit only that 2 telephone calls were made to a cellular phone apparently registered to Robert D. Kline.  By way of further answer, Defendants BHG and AC note that the Plaintiff himself solicited these calls, and with respect to at least one of them failed to disclose his true identity, all of which was part of his scheme to generate the claims he has asserted in this case.  Defendants BHG and AC lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph any deny them on that basis.

27.     Denied.  Defendants BHG and AC lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which pertain to communications he claims he received from BHG and AC.

28.     Denied.  Defendants BHG and AC lack knowledge or information

sufficient to form a belief as to the truth of the averments of this paragraph which pertain to communications he claims he received from BHG and AC.

29.   Denied.   Defendants BHG and AC lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph which pertain to communications he claims he received from BHG and AC.  Defendants deny the existence of a duty to provide for the capabilities in this paragraph.

30.   Denied.   Defendants BHG and AC lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph which pertain to communications he claims he received from BHG and AC.

31.   Denied.   Defendants BHG and AC lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph which pertain to communications he claims he received from BHG and AC.  The averments of this paragraph also constitute conclusions of law to which no responsive pleading is required.

32.   Denied.   Defendants BHG and AC lack knowledge or information sufficient to form a belief as to the truth of what Plaintiff may or may not believe.

33.   Denied.   Defendants BHG and AC lack knowledge or information sufficient to form a belief as to the truth of what Plaintiff may or may not believe.  The averments of this paragraph also constitute conclusions of law to which no responsive pleading is required.

34.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is required.

35.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is required.

36.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is required.  By way of further answer, and as more fully set forth in the Counterclaim below, to the extent Defendant BHG contacted the Plaintiff, such contact was at the specific invitation of the Plaintiff, as he orchestrated such contact for the purpose of asserting his claims in this case.

37.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is required.

38.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is required.  By way of further answer, Defendants BHG and AC specifically deny that they violated any law, including the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.).

39.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is required.  By way of further answer, Defendants BHG and AC specifically deny that they violated any law, including the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.).

40.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is required.  By way of further answer, Defendants BHG and AC specifically deny that they violated any law, including the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.).

41.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is required.  By way of further answer, Defendants BHG and AC specifically deny that they violated any law, including the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.).

**WHEREFORE**, Defendants BHG and AC demand judgment in their favor and against the Plaintiff on Count I of the Complaint, together with costs and expenses of suit, as well as such other relief as deemed appropriate under the circumstances.

## COUNT II – TRESPASS TO CHATTELS

42.     The responses to paragraphs 1 through 41 above are fully incorporated herein by reference as if set forth fully at length.

43.     Admitted in part, denied in part.  It is admitted only that Defendants do not pay Plaintiff's cellphone bill.  Defendants BHG and HC lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.  The remaining averments of this paragraph also constitute conclusions of law, which are denied as requiring no responsive pleading.

44.     Denied.  The averments of this paragraph are specifically denied as they

constitute a series of legal conclusions to which no responsive pleading is required.

45.      Denied.  The averments of this paragraph are specifically denied as they

constitute a series of legal conclusions to which no responsive pleading is required.

46.      Denied.  The averments of this paragraph are specifically denied as they

constitute a series of legal conclusions to which no responsive pleading is required.

**WHEREFORE**, Defendants BHG and AC demand judgment in their favor and

against the Plaintiff on Count II of the Complaint, together with costs and expenses of

suit, as well as such other relief as deemed appropriate under the circumstances.

## COUNT III –VIOLATION OF (Knowing and/or Willful Violation of the TCPA "Do-Not-Call Policy" Requirement 47 C.F.R. 64.1200 et seq.)

47.      The responses to paragraphs 1 through 46 above are fully incorporated

herein by reference as if set forth fully at length.

48.      Denied.   Defendants  BHG  and  AC  lack  knowledge  or  information

sufficient to form a belief as to the truth of the averments as to what Plaintiff has

requested and from whom.  By way of further answer, BHG and AC specifically deny

that Plaintiff requested any "policy" from them, which term is vague and ambiguous in

any event.

49.      Denied.  The averments of this paragraph are specifically denied as they

constitute a series of legal conclusions to which no responsive pleading is required.

50.      Denied.  The averments of this paragraph are specifically denied as they

constitute a series of legal conclusions to which no responsive pleading is require.

51.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is require.

52.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is require.

53.     Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is require.

**WHEREFORE**, Defendants BHG and AC demand judgment in their favor and against the Plaintiff on Count III of the Complaint, together with costs and expenses of suit, as well as such other relief as deemed appropriate under the circumstances.

## COUNT IV – INVASION OF PRIVACY

54.     The responses to paragraphs 1 through 53 above are fully incorporated herein by reference as if set forth fully at length

55.     Denied.   Defendants BHG and HC lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  The averments of this paragraph also constitute conclusions of law, which are denied as requiring no responsive pleading.

56.     Denied.   Defendants BHG and HC lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  The averments of this paragraph also constitute conclusions of law, which are denied as

requiring no responsive pleading.

57.    Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is required.

58.    Denied.  The averments of this paragraph are specifically denied as they constitute a series of legal conclusions to which no responsive pleading is required.

**WHEREFORE**, Defendants BHG and AC demand judgment in its favor and against the Plaintiff on Count IV of the Complaint, together with costs and expenses of suit, as well as such other relief as deemed appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

Defendant BHG and AC assert the following Affirmative Defenses and reserve the right to raise such additional affirmative defenses as may be established during the course of discovery and in the investigation of this matter.  In asserting these affirmative defenses, Defendants BHG and AC do not assume any burden of proof, persuasion, or production on such defenses where such burden would otherwise fall on the Plaintiff. or another party to this lawsuit.

1.  Plaintiff in his Complaint has failed to state a claim upon which relief may be granted.

2.  Plaintiff has failed to properly serve either BHG or AC with service of process.

3.  Plaintiff has not and cannot plead any viable cause of action against AC individually, by theories of agency, ultra vires or otherwise.

4.  Plaintiff's claims are barred, in whole or in part, because to the extent the Plaintiff suffered harm, which Defendants BHG and AC deny, the harm was caused by a person or entity other than Defendants BHG and AC.

5.  Plaintiff's claims are barred, in whole or in part, and Defendants BHG and AC are not liable under the TCPA or on any other basis because, among other reasons, Plaintiff gave his express or implied consent or prior express written consent to and/or solicited the receipt of the telephone call(s) at issue.

6.  Defendants BHG and AC are not not liable under the TCPA or on any other basis because, among other reasons, Plaintiff's claims are barred by the applicable statute(s) of limitation and/or laches.

7.  Plaintiff's claims are barred by the equitable doctrine of unclean hands.

8.  Plaintiff's claims are barred, in whole or in part, to the extent the telephone call(s) at issue was not made through the use of an "automatic telephone dialing system", as defined in the TCPA.

9.  Plaintiff's claims are barred, in whole or in part, because Defendants BHG's or AC's conduct with respect to the Plaintiff , if any, was at all times reasonable, justified, with due care and in complete good faith.

10.Plaintiff's claims are barred, in whole or part because, to the extent any person or entity performed any act of or engaged in any conduct purportedly in violation of the TCPA or any other law, such act or conduct was outside the scope of authority of

such person or entity and was not implicitly or explicitly authorized by Defendants BHG or AC and was not made with Defendant's authority.

11.   The imposition of treble damages or statutory damages under the TCPA against Defendant BHG or AC would violate the due process provisions of the U.S. Constitution and/or the Pennsylvania Constitution.

12.   Plaintiff's claims are barred, in whole or in part, because to the extent the Plaintiff suffered any harm (which Defendants BHG and AC deny), Plaintiff's own actions in fraudulently manufacturing his claims caused the harm of which he complains.

13.   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has or had an "established business relationship" with Defendants BHG or AC.  47 C.F.R. § 64.1200(c), (f)(5) & (f)(14).

14.   Plaintiff's claims fail, in whole or in part, because Plaintiff has suffered no damages.

15.   Plaintiff's claims are barred, in whole or in part, because to the extent any violation of the TCPA occurred, such violation was not knowingly and willfully made by Defendants BHG or AC.

16.   Plaintiff's claims fail, in whole or in part, because Defendant AC did not place or instigate the telephone call(s) at issue.

17.   Plaintiff's claims fail, in whole or in part, due to a mistake of fact.

18. Plaintiff's claim for trespass to chattels is barred, in whole or in part, because to the extent any such trespass occurred (which Defendants BHG and AC specifically deny), it was unintentional and did not dispossess Plaintiff of anything, or constitute use or intermeddling with chattel.

19. Plaintiff's claim for invasion of privacy is barred, in whole or in part, because to the extent any such invasion occurred (which Defendants BHG and AC specifically deny), such interference was not, among other things, either substantial or offensive to ordinary reasonable persons.

20. Plaintiff's claims are otherwise barred, in whole or in part, under the TCPA or Pennsylvania law.

21. The averments of the Plaintiff's Complaint and each of the causes of action set forth in the Complaint are vague, uncertain, and ambiguous.

## COUNTERCLAIM

Bankers Healthcare Group, LLC ("BHG") and Albert Crawford (collectively, "Counterclaim Plaintiffs"), for their Counterclaim against the Plaintiff, Robert D. Kline ("Counterclaim Defendant"), states as follows:

## THE PARTIES

1. Bankers Healthcare Group, LLC ("BHG") is a privately held limited liability company that provides business loans to various entities and persons typically engaged in business in the healthcare arena, and Robert D. Kline has attempted to sue BHG in

this action.

2.  Albert Crawford ("AC") is an adult individual that resides in the State of Florida, is employed by BHG, and Robert D. Kline has also ttempted to sue Mr. Crawford in this action.

3.  Robert D. Kline is an adult individual residing at 2256 Fairview Road, McClure, PA 17841.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367 based upon the pendent and ancillary jurisdiction of this Court.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

6.  This Counterclaim is brought by BHG and AC to recover damages from Counterclaim Defendant caused by Counterclaim Defendant's fraudulent conduct in devising a scheme to bait BHG into making contact with him so that he could then assert legal claims arising from such contact.

7.  In or around November 2019, Counterclaim Defendant, under false pretenses while pretending to be someone other than himself, engaged in fraudulent actions designed to bait BHG into contacting him.

8.  Counterclaim Defendant, as part of his scheme to manufacture his claims against BHG and AC, feigned an interest in a consumer loan, causing BHG to contact him for

this purpose.

9.  In actuality, Counterclaim Defendant had absolutely no interest in obtaining a consumer loan from BHG, but was merely interested in causing others, including BHG, to take actions upon which he could then assert various violations of the law, including under the Telephone Consumer Protection Act.

## COUNT I – FRAUD

10.  BHG and AC incorporate by reference the allegations set forth in paragraphs 1 through 9 of this Counterclaim.

11.  This Counterclaim is brought by BHG and AC to recover damages from the Counterclaim Defendant resulting from Counterclaim Defendant having defrauded BHG by providing false, misleading, inaccurate and/or fraudulent information with respect to his interest in a consumer loan.

12.  The false, misleading, inaccurate and/or fraudulent information provided by the Counterclaim Defendant was intended and designed to mislead BHG into believing that Counterclaim Defendant had a real interest in applying for an obtaining a consumer loan, which BHG is in the business of providing to its customers.

13.  Included among the fraudulent acts perpetrated by the Counterclaim Defendant was providing a false name in his communications so as to conceal his identity, as well as feigning interest in a loan he had absolutely no intention of pursuing.

14.  The  misrepresentations,  fraudulent  acts  and  omissions  of  Counterclaim

Defendant as described above constitute false and fraudulent representations.

15. Counterclaim Defendant intended that BHG be induced by such fraudulent conduct into contacting Counterclaim Defendant for the purpose of discussing his false interest in a consumer loan.

16. BHG justifiably relied on the fraudulent misrepresentations made by the Counterclaim Defendant insofar as BHG would have had no reason to suspect under the circumstances that Counterclaim Defendant was not unlike the thousands of other potential customers that contact BHG with legitimate interests in obtaining consumer loans from BHG.

17. Counterclaim Defendant's motivation in fraudulently and deceptively feigning an interest in a consumer loan was to cause BHG to contact him for that purpose, thereby providing Counterclaim Defendant with what he perceived as a viable basis to assert his various claims in this lawsuit.

18. The fraudulent conduct undertaken by Counterclaim Defendant was undertaken with malice, vindictiveness, and wanton disregard for the rights of BHG and AC, thereby entitling BHG and AC to an award of exemplary and punitive damages.

**WHEREFORE**, BHG and AC respectfully request that this Honorable Court enter judgment in their favor and against Counterclaim Defendant on this Counterclaim and award compensatory damages, consequential damages, treble damages, exemplary damages, punitive damages, attorneys' fees, litigation expenses, and such other relief

as the Court may deem just and appropriate under the circumstances.


Respectfully submitted,


**METTE EVANS & WOODSIDE**

March 13, 2020                By:   s/Matthew D. Coble, Esquire
                                    Matthew D. Coble, Esquire
                                    PA Attorney ID: 89603
                                    3401 North Front Street
                                    Harrisburg, PA   17110
                                    Voice:  717-232-5000
                                    Fax:    717-236-1816
                                    E-mail: MDCoble@Mette.com

                                    *Attorney for Defendants and Counterclaim*
                                    *Plaintiffs,*
                                    *Bankers Healthcare Group, LLC &*
                                    *Albert Crawford*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT D. KLINE,** | : | |
| | : | |
| **PLAINTIFF,** | : | |
| | : | **CASE NO.: 1:20-CV-00389-JEJ** |
| **V.** | : | |
| | : | **ELECTRONICALLY FILED** |
| **BANKERS HEALTHCARE GROUP,** | : | |
| **LLC & ALBERT CRAWFORD** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Defendant Bankers Healthcare Group LLC and

Albert Crawford hereby certifies that a true and correct copy of the foregoing

document was served upon the following1 via first-class mail, postage pre-paid and/or

email as indicated on this 13th day of March 2010.

<u>By U.S. First-Class Mail</u>
Robert D. Kline, J.D.
2256 Fairview Road
McClure, PA  17841

Respectfully submitted,


**METTE EVANS & WOODSIDE**

By:   <u>s/Matthew D. Coble, Esquire</u>
       Matthew D. Coble, Esquire
       PA Attorney ID: 89603
       3401 North Front Street
       Harrisburg, PA   17110
       Voice:  717-232-5000
       Fax:    717-236-1816
       E-mail: MDCoble@Mette.com

*Attorney for Defendants and Counterclaim Plaintiffs,*
*Bankers Healthcare Group, LLC &*
*Albert Crawford*